CAROL M. HANSEN,
Presiding Judge, dissenting.
T1 Title 12 0.8.1991 §§ 936 and 940 provide that in actions involving contracts for the sale of goods and services and in suits involving negligent injury to property, the prevailing party shall be entitled to a reasonable attorney fee to be taxed as a cost of the action. Under these Oklahoma statutes, an award of attorneys fees to a prevailing party in civil action to recover on contract relating to labor or services is mandatory, but determination of reasonableness and amount of award is generally left to sound discretion of district court. Gamble, Simmons & Co. v. Kerr McGee Corporation, 175 F.3d 762, 773, (10th Cir.1999). To deny any attorney fees to the prevailing party under these statutes is contrary to law.
T2 Wilson asked for attorney fees based on $200.00 per hour for out-of-court work and $250.00 per hour for in-court work. Plaintiffs did not challenge Wilson's hourly rate or argue it was unreasonable. However, Wilson did not present written documentation of the time spent to the court. It was on this basis the trial court denied his request.
1 3 The Oklahoma Supreme Court in State ex rel. Burk v. Oklahoma City, 1979 OK 115, 598 P.2d 659, held, that in the future, attorneys should be required to present to the trial court detailed time records showing the work performed and offer evidence as to the reasonable value for the services performed. In Burk, the transcript indicated the attorneys for the appellees did not keep time records of their work as the litigation progressed, but rather they reconstructed the number of hours spent in various legal endeavors.
T4 In our view, nothing in Burk or its progeny allows a trial court to deny any attorney fee to a prevailing party for lack of contemporaneous record keeping.
T5 Rabon Martin, attorney for Wilson, presented testimony at the hearing on attorney fees. He testified he has been an attorney for 82 years handling primarily criminal defense work for which he charges a flat fee. About 385 percent of his practice is personal injury, workers' compensation, and medical malpractice for which he charges on a contingent fee basis. None of these representations requires keeping track of hours expended. In the balance of his practice, he charges $200.00 per hour for out-of-court work and $250.00 per hour for in-court time. He stated he was not asking for an award of an incentive bonus increase, just his time spent.
*1004 T6 Mr. Martin testified as to his best and good faith reconstruction of time spent, but did not submit any documentation. He claimed $4,000.00 for trial time and $2,000.00 for pre-trial work. He did request the trial court allow him to offer a more detailed reconstruction of time spent and present it to the trial court. He also pointed out the trial court was aware of the 12 to 16 hours of trial time he spent in the courtroom.
T7 Under § 986 and § 940, Wilson is allowed attorney fees as a matter of law. The amount to be awarded is discretionary with the trial court based on the standards set out in Burk. Mr. Martin must present evidence of hours spent on the case, which he may do through reconstructed time records.
8 The majority picks an arbitrary amount to be awarded Wilson for Mr. Martin's trial time without giving the trial court the chanee to exercise its statutory discretion after reviewing Mr. Martin's records. In my view, Mr. Martin should be given an opportunity to reconstruct his time records and present them to the trial court, including both trial and pre-trial work. Based on these submitted records, the trial court would then exercise its discretion to determine the amount of attorney fees it would award.